**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CORY BRADLEY,** | ) | |
| **No. 430932,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-01309-JPG** |
| | ) | |
| **ST. CLAIR COUNTY JAIL, and** | ) | |
| **UNITED STATES MARSHAL, E.D.Mo.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Cory Bradley has been held in the St. Clair County Jail in the Southern District of Illinois since July 17, 2013, when he was arrested for allegedly violating the terms of his federal supervised release in connection with his conviction in the Eastern District of Missouri. Even though his supervised release was revoked on October 16, 2013, and he was sentenced to an additional 12 months of imprisonment, Plaintiff has remained in the St. Clair County Jail. *See United States v. Bradley*, No. 04-cr-00662-HEA (E.D.Mo. Oct. 16, 2013). Plaintiff brings this action for deprivations of his constitutional rights while housed at the Jail as a detainee and convict.

Both the St. Clair County Jail and the United States Marshal for the Eastern District of Missouri are named as defendants. Plaintiff's complaint—more in the style of a letter—does not cite a basis for federal jurisdiction, other than referencing the Constitution. In quick succession, Plaintiff has filed three motions for leave to amend the complaint (Docs. 6, 9, 12). Also before the Court is Plaintiff's motion for a preliminary injunction (Doc. 3).

**Motions to Amend**

Of the three motions filed by Plaintiff seeking leave to amend the complaint, only Plaintiff's First Motion to Amend (Doc. 6, proposed amended complaint) conforms with Local Rule 15.1.  Local Rule 15.1 requires that a proposed amended complaint contains *all* claims the plaintiff desires to pursue.  Plaintiff's Second and Third motion to amend (Docs. 9 and 12) seek to amend the original complaint by interlineation—merely adding additional allegations in a piecemeal fashion.  Therefore, Plaintiff's First Motion to Amend (Doc. 6) is **GRANTED**, and his Second and Third motions to amend (Docs. 9 and 12) are **DENIED**.  The newly amended complaint (Doc. 6, proposed pleading) will be filed and shall supersede the original complaint in all respects.   Consequently, the amended complaint will now undergo preliminary review pursuant to 28 U.S.C. § 1915A.

**Section 1915A Review**

Title 28 U.S.C. § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the amended complaint, because the law library in the St. Clair County Jail is not adequately updated, Plaintiff could not adequately contest his alleged supervised release violation.  Plaintiff characterizes this as a violation of the First, Sixth and Eighth Amendments, and negligence.

Plaintiff further asserts that the diet he is fed offends his religious beliefs, in violation of the First Amendment.  An unidentified food services supervisor told Plaintiff that the standard diet plan is only altered for medical reasons; however, Plaintiff is allergic to onions, but on several occasions he has been served onions.

During an October 16, 2013, court appearance, Plaintiff informed unidentified U.S. Marshals of his concerns about the law library, his diet, and sanitary concerns (presented in the original complaint, but not presented in the amended complaint). The Marshals ignored his complaints and joked about them, failing to transfer Plaintiff from the Jail. Plaintiff characterizes the Marshals' inaction as an Eighth Amendment violation.

When Plaintiff complained to unidentified Jail officials, one officer "got in Plaintiff's face[,] posing a physical threat," asking Plaintiff if he had a "problem" with the officer.

### Discussion

The amended complaint is premised upon 28 U.S.C. § 1331—federal question jurisdiction. Although Plaintiff has always been in the custody of the U.S. Marshal, a housing contract between the Marshals Service and a county jail does not automatically federalize the jail employees. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). Because constitutional claims are asserted implicating both federal and state officials, the Court construes the *pro se* complaint as contemplating claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ), *and* 42 U.S.C. § 1983. *Bivens* provides that an action seeking monetary damages for a constitutional tort committed by a federal actor can be brought in federal court. Section 1983 allows constitutional torts against state actors to be pursued in federal court.

However, the amended complaint is fatally flawed, in that it pleads only that individual municipal and federal actors violated Plaintiff's constitutional rights. The only defendants are the St. Clair County Jail, which is a municipal entity, and the Marshals Service, which is a federal entity. "Because vicarious liability is inapplicable to *Bivens* and [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The individuals generally referenced in the amended complaint are not identified by name. A supervisor's mere knowledge of a constitutional violation is insufficient for liability to attach. *Id.* at 677. Furthermore, there is no alleged custom, policy or practice attributed to the St. Clair County Jail that could bring the Jail within the reach of Section 1983. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). Therefore, the amended complaint must be dismissed.

When a complaint is dismissed *sua sponte*, whether to afford the plaintiff an opportunity to amend to cure a deficient complaint should be considered. *See Luevano v. WalMart Stores, Inc.,* 722 F.3d 1014, 1022–23, 1025 (7th Cir. 2013); FED.R.CIV.P. 15(a)(2). However leave to amend may be denied if amendment would be futile. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Relative to the allegations that the Jail law library was not adequately updated, thereby prejudicing Plaintiff's ability to defend against the alleged violation of supervised release, there are obvious First Amendment implications. Courts have long recognized an inmate's First Amendment right of meaningful access to courts. *See Bounds v. Smith*, 430 U.S. 817, 822-23 (1977); *Lehn v. Holmes*, 364 F.3d 862, 865-66 (7th Cir. 2004). The Sixth Amendment provides a related right to counsel. However, *Bounds* has been construed to give the government the choice to provide either access to a law library or access to counsel or other appropriate legal assistance. *See United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010). And, as noted in *Sykes*, even when a criminal defendant declines appointed counsel, a right to access a law library does not spring up. *Id.* at 311. In Plaintiff Bradley's situation, counsel was appointed to represent him in the revocation proceedings. *Bradley*, No. 04-cr-00662-HEA, Doc. 126.

Therefore, the First and Sixth Amendments have been satisfied.  Furthermore, characterizing this claim as an Eighth Amendment violation is inappropriate. The Eighth Amendment protects against the denial of "life's necessities" and the infliction of "cruel and unusual punishment, neither of which are implicated by an inadequate law library.  Finally, negligence is not a constitutional violation and Plaintiff has not suggested any state law basis for a supplemental claim.  Therefore, allowing further amendment of these claims would be futile; they will be dismissed with prejudice.

The claims regarding Plaintiff's diet are vague, conclusory assertions that do not satisfy the *Twombly* pleading threshold.   Plaintiff does not explain what his religious beliefs are, or how the standard diet plan offends those beliefs, so no colorable First Amendment claim has been stated.  Similarly, although the Eighth Amendment could encompass a claim that a medical diet was not accommodated, no defendant is identified as being responsible, so no viable claim has been pleaded.  It is reasonable to expect that Plaintiff can cure these diet claims, so leave to amend the claims regarding Plaintiff's diet will be granted.

Insofar as it is alleged that Marshals knew of Plaintiff's concerns regarding the law library and his diet, because the law library issues have been found not to rise to the level of a constitutional violation, no tangential claim against the Marshals can succeed.  However, there remains the possibility that a claim regarding Plaintiff's diet can be pleaded, so Plaintiff will be given an opportunity to amend his complaint to state a claim against the Marshals regarding his diet.

The vague claim that an unidentified official "got in Plaintiff's face[,] posing a physical threat," asking Plaintiff if he had a "problem" fails to state a colorable Eighth Amendment claim. A perceived threat of the sort described in the complaint does not objectively rise to the level of a

constitutional violation.  Verbal threats will generally not amount to an Eighth Amendment violation, but, for example, a credible threat to kill or inflict any other physical injury may constitute an Eighth Amendment violation.  *See Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009) (mere harassment is not "cruel and unusual punishment").  What Plaintiff describes does not come close to triggering Eighth Amendment protection; therefore, leave to amend will not be granted relative to this claim, which will be dismissed with prejudice.

### Motion for Injunctive Relief

Plaintiff moves for injunctive relief regarding (1) his access to an adequate law library in order to ensure a "fair trial" of this action, and (2) placement in the Jennings County Jail or halfway house, closer to his family and where he would feel more safe (Doc. 3).  Having dismissed the complaint, the Court currently lacks jurisdiction to enter an injunction.  Therefore, the motion for injunctive relief is **DENIED** in all respects.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Motion to Amend (Doc. 6) is **GRANTED**, and his Second and Third motions to amend (Docs. 9 and 12) are **DENIED**.   The Clerk of Court is **DIRECTED** to file the amended complaint (Doc. 6, proposed pleading) contemporaneously with this order.

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.  The First, Sixth and Eighth Amendment claims regarding the law library are **DISMISSED with prejudice**.  The Eighth Amendment claim regarding an official "getting in Plaintiff's face" is **DISMISSED with prejudice**. The First and Eighth Amendment claims regarding Plaintiff's diet are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, with respect to his First and Eighth Amendment claims pertaining to his diet, including the Marshals involvement, Plaintiff is **GRANTED** leave to file an amended complaint on or before **(February 27, 2014)**.    Failure to file Second Amended Complaint by the prescribed deadline, or filing an amended complaint that does not state a colorable claim, will likely result in dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (Doc. 3) is **DENIED**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 28, 2014**

*s/ J. Phil Gilbert*_____
**United States District Judge**